IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA QUINN, as administrator for the, Estate of Travis Frederickson ) ) ) Plaintiff, ) ) v. ) ) WEXFORD HEALTH SOURCES, INC., ) ALFONSO DAVID, SYED RAZA, NANCY ) KNOPE, ABBY ELDER, and KRISTEN ) HAMMERSLEY, ) ) ) Defendants. ) | Case No. 17-cv-669-NJR RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Strike Plaintiff's Expert Disclosure and Bar Witness Testimony (Doc. 87) filed by Defendants Wexford, David, Raza, Knope, and Elder. Plaintiff filed a Response (Doc. 89). Defendants filed a Reply (91).

Pursuant to the original Joint Report of Parties, approved by the Court (Doc. 34), Plaintiff's deadline to disclose experts was September 1, 2018 (Doc. 34-1). The parties were given a deadline of December 1, 2018 to complete discovery and December 20, 2018 to file dispositive motions. The Scheduling Order notified the parties, pursuant to FED. R. CIV. P. 29, they could modify discovery dates set in the Joint Report by written stipulation, except that they could not modify a date if such modification would impact the deadline for the completion of all discovery, the deadline for filing dispositive motions, or the date of any court appearance.

On December 4, 2018, the parties informed the Court that discovery was ongoing and that the parties would file a motion to continue the trial date (Doc. 79). On December 17, 2018, the

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRENDA QUINN, as administrator for the,  )
Estate of Travis Frederickson            )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )    Case No. 17-cv-669-NJR RJD
                                         )
WEXFORD HEALTH SOURCES, INC.,            )
ALFONSO DAVID, SYED RAZA, NANCY          )
KNOPE, ABBY ELDER, and KRISTEN           )
HAMMERSLEY,                              )
                                         )
                                         )
        Defendants.                      )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Strike Plaintiff's Expert Disclosure and Bar Witness Testimony (Doc. 87) filed by Defendants Wexford, David, Raza, Knope, and Elder. Plaintiff filed a Response (Doc. 89). Defendants filed a Reply (91).

Pursuant to the original Joint Report of Parties, approved by the Court (Doc. 34), Plaintiff's deadline to disclose experts was September 1, 2018 (Doc. 34-1). The parties were given a deadline of December 1, 2018 to complete discovery and December 20, 2018 to file dispositive motions. The Scheduling Order notified the parties, pursuant to FED. R. CIV. P. 29, they could modify discovery dates set in the Joint Report by written stipulation, except that they could not modify a date if such modification would impact the deadline for the completion of all discovery, the deadline for filing dispositive motions, or the date of any court appearance.

On December 4, 2018, the parties informed the Court that discovery was ongoing and that the parties would file a motion to continue the trial date (Doc. 79). On December 17, 2018, the

parties filed a join motion (Doc. 82) to continue the trial date and reset discovery deadlines. The joint motion proposed a deadline of February 1, 2019 for Plaintiff to disclose any expert(s). On December 18, 2018, Judge Reagan granted the request to continue the trial date (Doc. 84). On January 2, 2019, the Court entered an Amended Schedule adopting the parties' proposed dates and setting a discovery deadline of May 21, 2019, and a dispositive motion deadline of June 5, 2019 Doc. 85). Pursuant to FED. R. CIV. P. 29, the parties were still allowed to modify discovery dates set in the Amended Joint Report by written stipulation, except that they could not modify a date if such modification would impact the deadline for the completion of all discovery, the deadline for filing dispositive motions, or the date of any court appearance.

Defendants received Plaintiff's expert disclosures on February 25, 2019. Defendants argue this disclosure was 24 days after the deadline had passed and that Plaintiff's expert disclosure should be stricken, and Plaintiff's expert barred from testifying. Plaintiff asserts the parties had discussed on multiple occasions that the expert would not be disclosed until after the fact witness depositions were taken and the depositions of defendants were not completed until February 20, 2018. Plaintiff further argues Defendants were not surprised by the disclosure of an expert, as counsel had discussed that an expert would be disclosed on at least six occasions. Finally, Plaintiff argues Defendants are not harmed by any late disclosure as there is still time, prior to the discovery deadline, to depose Plaintiff's expert.

Both parties submitted numerous email exchanges to the Court to demonstrate whether an agreement was reached regarding extending the deadline for Plaintiff's expert disclosure. Most relevant is an email exchange between counsel that occurred on January 28, 2019, four days prior to the deadline. In response to an email from Lisa Cook suggesting rescheduling certain depositions, counsel for Plaintiff, Louis Meyer, wrote "I was planning on going to Marion

tomorrow and spend the night. However, I am fine with rescheduling, but we may need additional time to disclose our expert next week." In response to Mr. Meyer's email, Abbey Fritz, counsel for Wexford Defendants, wrote "Although I would rather continue with the deposition as scheduled, I am available next week on both the 6th and the 8th. Additionally, I would like to coordinate a time to take the deposition of who authored the Report of Investigation. Please let me know where is he located and some possible dates for his deposition." In Response to both the email from Mr. Meyer and Ms. Fritz, Lisa Cook responded regarding the rescheduling of the deposition. Neither defense counsel for Wexford Defendants or IDOC Defendants responded to Mr. Meyer's request for additional time to disclose his expert. Meyer's email implied that agreeing to reschedule the depositions was contingent upon getting additional time to disclose an expert.

It is clear the parties did not reach a written agreement regarding an extension of time for Plaintiff's expert disclosure. However, given the lack of response from defense counsel to the request for an extension from Plaintiff's counsel, the Court, in this instance, will not hold Plaintiff to the deadline. If counsel for Defendants wanted to hold Plaintiff to the firm deadline, counsel should have acknowledged the request and stated as much prior to the deadline. Additionally, the Court notes there is nearly two months before the deadline for discovery, so counsel for Defendants have ample time to depose Plaintiff's expert without affecting the current trial setting.

For the reasons above, Defendants' motion to Strike Plaintiff's Expert Disclosure and Bar Witness Testimony (Doc. 89) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** March 28, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**